# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

UNITED STATES OF AMERICA, :
:
v. : CASE NO. 1:12-CR-2 (WLS)
:
JOSEPH WILEY JORDAN, :
:
        Defendant. :
_____

## **O R D E R**

Presently pending before the Court is Defendant Joseph Jordan's motion seeking stay of execution of his sentence while his case is on appeal (ECF No. 76). Specifically, Defendant contends that 18 U.S.C. § 3143(b) provides that he should be released during the pendency of his appeal. For the following reasons, Defendant's motion is denied.

## BACKGROUND

On June 8, 2012, a jury found Defendant Jordan guilty of three counts of the unlawful payment of a commission or gift to procure a loan (hereinafter "bribery"), 18 U.S.C. § 215(a)(1), and one count of conspiracy to unlawfully pay a commission or gift in order to procure a loan, 18 U.S.C. § 371 i/c/w 215(a)(1). (*See* Verdict 1-2, ECF No. 40.) Defendant was sentenced to fifteen months imprisonment for each of the four counts, to run concurrently. (Am. Judgment 1-2, ECF No. 71.) An amended judgment was entered on February 8, 2013, and Defendant timely appealed to the Eleventh Circuit on February 11, 2013. (ECF Nos. 71-72.) Defendant thereafter moved for bond pending his appeal (ECF No. 76) and that motion was referred to the undersigned on March 6,

2013. This Court held a hearing on the issue of an appeal bond on March 26, 2013. (ECF No. 85.)

## DISCUSSION

Title 18, United States Code section 3143(b)(1) requires that a defendant who has appealed his conviction and sentence be detained

> unless the judicial officer finds—
>
> (A)  by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B)  that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>> (i)  reversal,
>>
>> (ii)  an order for a new trial,
>>
>> (iii)  a sentence that does not include a term of imprisonment, or
>>
>> (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Defendant must satisfy both sections of this provision to be eligible for release during the pendency of his appeal. The Government does not contend that Defendant is likely to flee or poses a danger to the safety of the community. Furthermore, at the hearing on this issue, the Court rejected the argument that the Defendant has appealed for the purpose of delay. Thus, the only issue currently before the Court is whether the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence.

"The Eleventh Circuit has held that a substantial question is one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way." *United States v. Fernandez*, 905 F.2d 350, 354 (11th Cir. 1990). A defendant has the burden of establishing a substantial question of law or fact for each count for which imprisonment was imposed. *See Morison v. United States*, 486 U.S. 1306, 1306-07 (1988) (rejecting a request to remain free on bond pending an application for writ of certiorari because defendant failed to establish that his appeal was likely to result in reversal "with respect to all counts for which imprisonment was imposed[]"); *see also United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985) ("[T]he burden of establishing these factors is on the convicted defendant.").

Defendant contends that his appeal raises substantial questions as to the sufficiency of the evidence supporting his convictions in this case. (Mot. for Bond Pending Appeal 9, ECF No. 76.) This argument revolves around the Court's discussions at sentencing regarding whether an "improper benefit" was shown in the trial. Specifically, Defendant points to the following statement by the Court at sentencing as establishing that an element of the offense of bribery has not been established: "The Court finds there's not been an improper benefit shown[.]" (Sentencing Hr'g Tr. 105:20-22, Jan. 30, 2013, ECF No. 77.) Defendant maintains that through this statement the

3

Court was making a finding that there was no "causation"—i.e., that there was no "intent to influence" an officer to take an action as required by 18 U.S.C. § 215(a)(1).[1]

Defendant's argument conflates two separate issues. An "improper benefit" is not an element of the offense of bribery. 18 U.S.C. § 215(a)(1); *see also, e.g., United States v. Benner*, 442 F. App'x 417, 420-21 (11th Cir. 2011) (discussing elements of bribery and conspiracy to commit bribery). Instead, whether the defendant received an improper benefit tangentially goes to whether any restitution is owed and directly goes to the proper offense level enhancement under United States Sentencing Guidelines Manual § 2B4.1. (*See, e.g.,* Order 6-7, Mar. 29, 2013, ECF No. 87 (discussing presentence investigation report).) Section 2B4.1 provides offense level increases depending upon "the greater of the value of the bribe or the improper benefit to be conferred[.]"[2] At sentencing, the Court discussed whether the value of the bribe or improper benefit was greater. (Sentencing Hr'g Tr. 102:21-105:22, Jan. 30, 2013.) The Court stated:

> The Court agrees that it has to look at it, and under 2B4.1, that the standard would be that we look that the improper payment or an improper benefit, and weigh those as to which is the proper one to apply. If there's not a[n] improper benefit derived from the bribe, then we count the bribe.
> The Court finds there's not been an improper benefit shown, and therefore, leaves the guideline range as established and as earlier announced.

---

[1] 18 U.S.C. § 215(a)(1) makes it a crime to

> corruptly give[], offer[], or promise[] anything of value to any person, with intent to influence or reward an officer, director, employee, agent or attorney of a financial institution in connection with any business or transaction of such institution.

[2] For example, United States Sentencing Guidelines Manual § 2B4.1(b)(2)(A) provides a 2 level enhancement if the "defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense[.]"

(*Id.* at 105:14-22.) Defendant has taken part of this last statement out of context in an attempt to show that the Court made a finding regarding the "intent to influence" element of the offense.

Defendant correctly asserts that an "intent to influence," which is defined as a corrupt intent, is an essential element of the offense of bribery. This has been previously explained by the Court. (Order 4, Dec. 21, 2012, ECF No. 58.) In the order denying Defendant's motion for judgment of acquittal, the Court reviewed the evidence to determine whether there was sufficient evidence of corrupt intent for each count of bribery on which Defendant was convicted. The Court found that "[t]he evidence easily does so." (Order 7, Dec. 21, 2012.) Defendant argues that this finding is contradictory to the Court's statements at sentencing.

However, an "intent to influence" is not the same as an "improper benefit." The Court recognized this difference in the sentencing hearing:

> Well, I think the case law, including the ones that you cited, if the loans were fully collateralized, you didn't get a loan that was under-collateralized in an amount that he did not otherwise qualify, I think that's what probation found and not finding an ultimate loss in this case. Because, one, the defendant was qualified for the loans and the Bank accepted collateral that was equal or greater than the amounts that had been financed at the time that this was concluded. So I think the cases, as I understand them, has to do with when someone gets something more. In other words, they get a benefit from the bribery other than something they would otherwise get or qualify for, if they get something in addition. And I think there's a—and of course, the [18 U.S.C. §] 215 violation doesn't really care about what you qualify for. *It is just an improper influence that it is directed at.* But I think the improper benefit is that does the bribe get the defendant something that he would not otherwise be able to benefit from.

5

(Sentencing Hr'g Tr. 103:2-20, Jan. 30, 2013 (emphasis added).) The Court further recognized this difference in its order finding that no restitution is owed:

> The Court's findings in this Order in no way rebut the Court's finding on Defendant's Motion for Judgment of Acquittal. The relevant criminal law criminalizes Jordan's bribery payments, *regardless of whether some of the loans fell outside of the criminal conduct or whether the bank would have issued them anyway.*

(Order 19, Mar. 29, 2013 (emphasis added).) Defendant's argument that the Court somehow created a substantial question of law or fact as to the sufficiency of the evidence by finding that there was no evidence of an improper benefit in this case is wholly without merit. The Court has previously found that the evidence "easily" supports a reasonable jury's verdict of guilty in this case. Defendant's arguments regarding the sufficiency of the evidence do not create "close question[s]" that could "very well could be decided the other way." *Fernandez*, 905 F.2d at 354. Thus, his motion for bond pending appeal is denied.

## CONCLUSION

Because Defendant does not satisfy the requirements of 18 U.S.C. § 3143(b)(1)(B), his motion for stay of execution of his sentence pending appeal is denied.

SO ORDERED, this 5th day of April, 2013.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE